UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

International Energy Ventures
Management, LLC, §
§
§ Plaintiff, §
§
versus § Civil Action H-17-2262
§
United Energy Group, LTD., et al., §
§
Defendants. §

# Opinion on Arbitration

1. *Introduction.*

International Energy Ventures Management LLC filed an action in state court against United Energy Group LTD. for breach of contract. The contract has an arbitration clause. As International also tried to arbitrate, the case was removed to federal court and twice dismissed for lack of jurisdiction. Arbitration was also twice dismissed based on litigation-conduct waiver. International moved to vacate the arbitrator's rulings and compel arbitration. International will prevail.

2. *Background.*

International Energy Ventures Management LLC is an oil and gas consultancy run by three engineers. Collectively, they have over three decades of technical and business experience in petroleum exploration both domestically and abroad. United Energy Group LTD. is a limited liability company organized under the laws of Bermuda, with its principal place of business in Hong Kong, China.

In July 2010, International retained a Houston investment banker, Sean Mueller, to find a buyer of British Petroleum PLC's Pakistani assets after the explosion of BP's drilling rig in the Gulf of Mexico. International hoped to (a) charge the buyer a finder's fee of a percentage of the assets; (b) pay Mueller a commission on the deal; and (c) be hired by the buyer as a post-sale consultant. Mueller put International in contact with United, which led to a consulting agreement between the two companies. Although the agreement was never executed, International gave United detailed and proprietary valuation analyses based on its experience with BP's assets and doing business in Pakistan.

In November 2010, United submitted a bid to BP for $775 million. United reimbursed International's out-of-pocket expenses for its work on the deal, but did not pay International a finder's fee. BP accepted United's bid and International continued working on the deal from December 2010 to September 2011. During that time, International lost all contact with Mueller and was never paid despite having invoiced United for fees. In September 2011, the deal closed.

In March 2012, International and United entered a supplemental agreement for additional consulting work on the BP assets. The supplemental agreement included: (a) an acknowledgment of past amounts owed to International under the first agreement; (b) a Texas choice-of-law clause; and (c) that any dispute arising from either agreement would be arbitrated in Houston, Texas by the American Arbitration Association. Despite the supplemental agreement, United never paid International for its work on the first deal.

3. *First Lawsuit.*

On July 30, 2013, International sought recovery in state court against United and Mueller for breach of the first agreement. United removed the case to the Southern District of Texas and moved to dismiss the case for insufficient service and lack of jurisdiction.

On November 8, 2013, International moved to compel arbitration. International's motion was never ruled on and the action was stayed until a

ruling on jurisdiction. In June 2014, arbitrator-Gary McGowan dismissed the arbitration proceeding, without prejudice, on the grounds that International's litigation conduct had waived arbitration.

On July 25, 2014, the federal district court dismissed all of International's claims against Mueller and United for lack of jurisdiction. International appealed and United argued that the consultancy agreement was not subject to arbitration. The Fifth Circuit (a) dismissed, without prejudice, the claims against Mueller for lack of diversity; (b) held that the district court may exercise personal jurisdiction for the purpose of compelling arbitration; and (c) remanded the case. In September 2016, the district court again dismissed the case, without prejudice, for lack of jurisdiction.

4. *Second Lawsuit.*

On November 4, 2016, International filed a second lawsuit in state court and simultaneously started a second arbitration. On April 17, 2017, a preliminary hearing was held by an arbitrator, Platt Davis. He requested that United move to dismiss.

On July 14, 2017, while briefing United's motion, International moved to compel arbitration. United removed the action to this court and then moved to dismiss for improper venue and lack of personal and subject-matter jurisdiction. This court stayed the case pending completion of arbitration.

On December 8, 2017, Davis ruled that International waived arbitration by appealing the jurisdictional ruling rather than contesting the McGowan Award. International now requests that the court to vacate both arbitrators' awards and compel arbitration.

5. *Arbitration Awards.*

It was outside the authority of both McGowan and Davis to decide whether International waived arbitration. United says that International implicitly consented to allowing the arbitrators to rule on litigation-conduct

waiver because (a) under AAA rules, litigation-conduct waiver is a question of arbitrability to be decided by the arbitrator; and (b) during arbitration, International urged McGowan to decide against waiver. United is wrong about both.

First, although it may be reasonably interpreted as an issue of "arbitrability," the law is that courts, rather than arbitrators, are best suited to determine litigation-conduct waiver.[1]

Second, the presumption that the court decides litigation-conduct waiver can be rebutted only by "clear and unmistakable evidence" in the arbitration agreement that the parties intended otherwise.[2] No evidence of intent exists in International and United's arbitration agreement because nowhere does it say that litigation-conduct waiver would be decided by the arbitrator. Moreover, as the case developed, both parties switched their positions about the authority of the arbitrator to decide litigation-conduct waiver. So, apparently there was no agreement on that issue. For these reasons, both the McGowan and Davis Awards will be vacated.

5. *Litigation-conduct Waiver.*

Arbitration has not been waived. Waiver would be proper if International had substantially invoked litigation to the prejudice of United. Since arbitration has the nifty benefit of preserving judicial resources, it enjoys a strong presumption against waiver. Rebutting that presumption requires some inherent unfairness caused by the delay, expense, or damage to United's legal position from the dispute being volleyed between litigation and arbitration.[3]

---

[1] *See* Vine v. PLS Fin. Serv. Inc., 689 Fed.Appx.800, 802-03 (5th Cir. 2017).

[2] Id. at 803-04.

[3] Perry Homes v. Cull, 258 S.W.3d 580, 597 (Tex.2008).

International may have first filed a lawsuit in state court in 2013, but merely filing a lawsuit and conducting a little discovery did not prejudice United. The bulk of the litigation's activity arose from dismissals and appeals on jurisdictional grounds, never coming close to addressing the core issues. In other words, this case has mostly been a game of cat-and-mouse. Litigation of this sort does not waive arbitration.

6. *Conclusion.*

International Ventures Management LLC and United Energy Group LTD. had a contract. That contract included an acknowledgment of debt and an arbitration clause. United never paid International that debt, so International sued and later sought arbitration. The arbitrators did not have the power to decide whether arbitration had been waived by litigation, so arbitration was improperly dismissed. The litigation that followed was entirely procedural or more attempts at arbitration. For that reason, arbitration was not waived. Both the McGowan and Davis Awards will be vacated and International's motion to compel arbitration will be granted.

Signed on March 20, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge